UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., )<br>)<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>RODNEY HOSKINS et al.,  )<br>)<br>**Defendants.**  ) | Case No. CIV-20-283-G |

## ORDER

Plaintiff Associated Industries Insurance Company, Inc. filed this action against two defendants, seeking a declaratory judgment under 28 U.S.C. § 2201 as to its liability on a state-court judgment. Now before the Court is the Motion to Dismiss (Doc. No. 12) filed by Defendant Rodney Hoskins.[1] Plaintiff has responded (Doc. No. 14) and Hoskins has replied (Doc. No. 15).

*I.    Background*

In its Complaint (Doc. No. 1), Plaintiff describes the circumstances of the state-court judgment (the "Judgment") at the center of this dispute. Plaintiff alleges that in 2017, it issued a general-liability insurance policy to Defendant Checkers Truck Stop Inc. ("Checkers") that included Coverage A, which applied to "Bodily Injury and Property Damage Liability." Compl. ¶¶ 6, 10-12; *see also id.* Ex. 3 (Doc. No. 1-2). "The policy

---

[1] The docket reflects that the remaining Defendant, Checkers Truck Stop Inc., was served with this lawsuit in July 2020 but has not answered the pleading or otherwise appeared to defend itself in this action. *See* Doc. No. 13.

provide[d] liability coverage in the amount of $1,000,000 per occurrence and $1,000,000 personal and advertising injury liability." Compl. ¶ 10.  Coverage A included an "Assault and Battery" modification that excluded coverage for bodily injury "arising out of any assault, battery, fight, altercation, misconduct or similar incident or act of violence." *Id.* ¶¶ 13-14.

Plaintiff further alleges that in 2018, Hoskins filed a lawsuit against Checkers in the District Court of Oklahoma County (*Hoskins v. Checkers Truck Stop*, No. CJ-2018-1001 (Okla. Cnty. Dist. Ct)). *Id.* ¶ 6; *see also id.* Ex. 1 (Doc. No. 1-1). In his state-court lawsuit, Hoskins claimed that in December 2017, "while he was an invitee at . . . Checkers, a party working as a security guard . . . deployed a Taser weapon 'without cause,' shocking Hoskins." Compl. ¶ 7.

On October 30, 2019, the state court entered an agreed judgment—the Judgment at issue here—after finding that "[a]s a result of [Checkers'] negligence, [Hoskins] was injured with a taser" and that Hoskins "is entitled to damages in the amount of One hundred twenty-five thousand dollars ($125,000.00)." *Id.* ¶ 8; *see also id.* Ex. 2 (Doc. No. 1-2). Plaintiff alleges that Hoskins then initiated a postjudgment garnishment proceeding against "AmTrust E&S Services, Inc." seeking payment of the Judgment. Compl. ¶ 15. Plaintiff alleges that Hoskins "has not sued [Plaintiff']" for payment of the Judgment. *Id.* ¶ 9.[2]

---

[2] In his Reply, Hoskins represents that in July 2020, he initiated garnishment proceedings against Plaintiff in the state-court action. *See* Def.'s Reply at 1-2; *id.* Ex. 1 (Doc. No. 15-1). The Court takes judicial notice from the public state-court docket (available through http://www.oscn.net) that on July 28, 2020, Hoskins initiated a garnishment proceeding against Plaintiff in the state-court action. Plaintiff, as garnishee, then filed a motion to dismiss the garnishment, followed by an amended motion, which remains pending.

In this action, Plaintiff asserts that coverage of the Judgment is precluded by the Assault and Battery exclusion and that Plaintiff "has no greater obligation to Hoskins that it would have had to Checkers." Compl. ¶ 24. Plaintiff seeks a declaratory judgment that "it owes no duty to pay Hoskins for the amount of the Judgment." *Id.* ¶ 20.

## II.     Defendant's Motion

Although Hoskins cites Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), Hoskins presents as reasons for dismissal that: (1) the case is not yet ripe for adjudication; (2) the Court should not exercise its discretion to hear Plaintiff's claim for declaratory judgment; and (3) the Court should abstain from hearing this matter pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

### A. Whether This Matter Is Ripe for Adjudication

#### 1. Applicable Standards

The Tenth Circuit has explained that "[t]he question of whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995). "The question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1). It is the burden of the complainant to allege facts demonstrating the appropriateness of invoking judicial resolution of the dispute." *Id.* at 1499 (citation omitted).

> In order for a claim to be justiciable under Article III, it must be shown to be a ripe controversy. "[R]ipeness is peculiarly a question of timing," *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1975), intended

3

> "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements," *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). In short, the doctrine of ripeness is intended to forestall judicial determinations of disputes until the controversy is presented in "'clean-cut and concrete form.'"
>
> As a general rule, determinations of ripeness are guided by a two-factor test, "'requiring us to evaluate both the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration.'" *Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir. 1990) (quoting *Abbott Labs.*, 387 U.S. at 149). In determining whether an issue is fit for judicial review, the central focus is on "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." 13A Wright, Miller & Cooper, *Federal Practice & Procedure*, § 3532 at 112. . . . . In assessing the hardship to the parties of withholding judicial resolution, our inquiry "'typically turns upon whether the challenged action creates a "direct and immediate" dilemma for the parties.'" [*El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 495 (1st Cir. 1992)] (quoting *W.R. Grace & Co. v. United States EPA*, 959 F.2d 360, 364 (1st Cir. 1992)).

*Id.* (citations omitted).

### 2. Discussion

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true. *Id.* Here, Hoskins makes a facial attack on the sufficiency of the allegations contained in the Complaint. *See* Def.'s Mot. at 1-3, 5. As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v.*

*Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

Plaintiff correctly points out that it was not obligated to wait until it was sued on the Judgment to seek declaratory relief. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941); *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1242 (10th Cir. 2008). Plaintiff nonetheless has the burden to plead "underlying facts" that "suggest an extant controversy"; the Court is not permitted "to supply an advisory opinion about a hypothetical dispute." *Surefoot LC*, 531 F.3d at 1242. Stated differently, Plaintiff would not necessarily need to wait for Defendants to initiate litigation regarding the Judgment, but for Plaintiff's claim to be ripe there must be factual allegations that show a "live controversy" between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 1244 (internal quotation marks omitted).

At this point, based on the record properly before the Court, there is only an "abstract disagreement[]" between Plaintiff and Defendants "involv[ing] uncertain or contingent future events." *Richardson*, 64 F.3d at 1499 (internal quotation marks omitted). The Judgment is owed by Checkers to Hoskins. Compl. ¶ 8. Plaintiff is not mentioned in the written Judgment and was not a party to Hoskins' state-court lawsuit. *See id.*; *id.* Ex. 2. Although Plaintiff argues that "Checkers has already sought coverage" under its insurance policy "and was denied," Pl.'s Resp. at 5, there is no well-pleaded allegation to that effect in the Complaint. *See Wright v. KIPP Reach Acad. Charter Sch.*, No. CIV-10-989-D, 2011 WL 1752248, at *3 (W.D. Okla. May 6, 2011) (explaining that "pleading deficiencies . . . cannot be cured by" briefing arguments, "as the Court must look to the

allegations in the complaint to determine whether they plausibly support a claim for relief" (internal quotation marks omitted)); *cf. Md. Cas. Co.*, 312 U.S. at 273-74 (holding that there was an actual controversy between the insurer and the injured third party where "the facts alleged" reflected that the insured had claimed the injury was covered by the insurance policy).

Nor are there any well-pleaded allegations establishing the existence of a sufficiently "live controversy" regarding Plaintiff's liability on the Judgment.[3] While the Court takes judicial notice of a pending garnishment proceeding in which these parties are involved, Plaintiff nonetheless fails to supply the requisite "facts demonstrating the appropriateness of invoking judicial resolution of the dispute" or establish that a "direct and immediate" dilemma will result in hardship to the parties absent the Court stepping in. *Richardson*, 64 F.3d at 1499.

Further, Plaintiff's supporting authority does not direct a finding of ripeness here. In *Sierra Vista Hospital v. Barton & Associates, Inc.*, the plaintiff hospital had a direct contractual relationship with the defendant healthcare corporation and sued to obtain judicial resolution of a dispute that arose between the parties under the contract. *See Sierra Vista Hosp.*, No. 17-CV-367-JAP/GJF, 2017 WL 3017169, at *1 (D.N.M. July 13, 2017). The court rejected the defendant's lack-of-ripeness argument, citing the plaintiff's allegation that the parties were actively disputing the plaintiff's alleged breach and tortious

---

[3] The Complaint does state that Plaintiff "has been called upon to pay a judgment obtained by Hoskins against Checkers," Compl. ¶ 5, but this vague allegation does not show who is seeking payment or in what context.

interference. *See id.* at *1, *2-4. In contrast, the facts properly before the Court do not present a similar direct controversy, and waiting for the matters alluded to in Plaintiff's Response "'to play out'" "'would significantly advance the Court's ability to deal with the legal issues presented or aid in their resolution.'" *Id.* at *4 (alteration and omission omitted) (quoting *United States v. Supreme Court of N.M.*, 839 F.3d 888, 904 (10th Cir. 2016)).

In light of the above circumstances, the Court is unable to conclude that Plaintiff's declaratory-judgment claim presents a "'direct and immediate' dilemma for the parties" that is "fit[] . . . for judicial resolution" in this Court at this time. *Richardson*, 64 F.3d at 1499 (internal quotation marks omitted). This matter must therefore be dismissed. *See* Fed. R. Civ. P. 12(b)(1); *Richardson*, 64 F.3d at 1499; *see also* Fed. R. Civ. 12(h).

### B. Defendant's Remaining Arguments

Because the Court finds that Plaintiff has not shown this action is ripe for review, it need not reach Hoskins' remaining bases for dismissal.[4]

---

[4] Even assuming ripeness, Plaintiff offers no persuasive authority for the proposition that the Court should exercise its discretion to proceed with this declaratory-judgment action in order to superimpose a liability determination atop of the state-court's pending garnishment proceedings in that first-filed lawsuit. *Cf. Sierra Vista Hosp.*, 2017 WL 3017169, at *4 (citing the factors prescribed by *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994), and concluding that the court should retain the declaratory-judgment action because, among other reasons, doing so would "not cause friction with the state courts" and "will settle the controversy" "because no other suit has been filed").

CONCLUSION

For the foregoing reasons, Defendant Rodney Hoskins' Motion to Dismiss (Doc. No. 12) is GRANTED. This matter is dismissed without prejudice due to a lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS SO ORDERED this 12th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge